On acceptance of certification of appeal from Court of Appeals,
appeal dismissed July 19, 1983

## BEARDEN,
*Respondent,*

*v.*

## MEMBERS OF THE POSSE COMITATUS,
*Appellants.*

(CA A28569, SC 29780)

666 P2d 1337

## MEMORANDUM OPINION

On June 3, 1983, District Judge Frank Bearden of the Multnomah County District Court signed a document which reads:

"Sheriff Fred Pearce
"Multnomah County Sheriff's Office
"RE: MEMBERS OF THE POSSE COMMITATUS

"Members of the above group have dedicated themselves to opposing all statutory authority and frequently use the courts as a forum for expressing their views. In the past the group has acted as pseudo-law enforcement officers and made arrests of citizens and demonstrated at public meetings and in court. Lately their tactics have become more confrontational. Members in other states have killed and kidnapped governmental officials. On Thursday, June 2, 1983, a member of the above group disrupted a court proceeding and had to be jailed for contempt. Another member, the same day, made a death threat toward the Judge involved in the contempt incident.

"Until further notice, pursuant to ORS 206.010(5),[1] to protect the public and the Judges of this county, all known members of the Posse Commitatus are to be searched upon entering the Multnomah County Courthouse. If a member refuses to submit to such search that member is to be barred from the Courthouse.

"DATED this 3 day of June, 1983.

     "So Ordered:  /s/ Frank Bearden

"FLB:cc
"cc: Sgt. Karl McDade"

One Gil Meyer filed a document in the Court of Appeals entitled "notice of appeal" which purports to appeal

---

[1] ORS 206.010 provides, in part:

"The sheriff is the chief executive officer and conservator of the peace of the county. In the execution of his office, it is his duty to:

"* * * * *.

"(5) Attend the terms of the Supreme, circuit, or county court held within his county, and to obey its lawful orders or directions."

We note the absence of any express statutory reference to district courts.

"from the Order entered in the above cause on June 3, 1983."[2] The Court of Appeals certified the appeal to this court. ORS 19.210(1), ORAP 17.05. We accepted certification.

The document at issue here is not appealable; indeed, it is not an "order" at all as that term is used in ORS 19.010.[3]

Appeal dismissed.

---

[2] The notice of appeal is captioned "Frank Bearden, Respondent v. Members of the Posse Commitatus [sic], Appellant." We use that caption even though no civil action bearing that caption was filed in the trial court.

[3] ORS 19.010 in part provides:

"(1)   A judgment or decree may be reviewed on appeal as prescribed in ORS 19.005 to 19.026 and 19.029 to 19.200.

"(2)   For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a)  An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"(b)  An interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition.

"(c)  A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"(d)  An order setting aside a judgment and granting a new trial.

"(e)  A final judgment or decree entered in accordance with ORCP 67 B."

District courts are empowered to make and enforce local rules pursuant to ORS 46.280, which provides in part:

"A district court may make and enforce all rules necessary for the prompt and orderly dispatch of the business of the court and not inconsistent with applicable rules made or orders issued by the Chief Justice of the Supreme Court or of the presiding judge of the district court. * * *."

We express no opinion as to the validity of the order.